JOURNAL ENTRY AND OPINION
On April 13, 2000, this court affirmed the judgment of the Cuyahoga Court of Common Pleas entered pursuant to a jury verdict finding defendant-appellant, Stephen Sanders, guilty of two counts of kidnapping and one count of aggravated robbery. See State v. Sanders (Apr. 13, 2000), Cuyahoga App. No. 75398, unreported. We vacated appellant's sentence, however, and remanded the matter for resentencing, finding that the trial court had failed to consider the factors set forth in R.C.2929.14(E)(4) in imposing consecutive sentences and erred when it compelled appellant to testify under oath during the sentencing hearing.
On July 12, 2000, the trial court resentenced appellant to concurrent terms of four years incarceration on each count of kidnapping, and to a consecutive four year prison term on the aggravated robbery count, for a total of eight years incarceration.
Appellant timely appealed his sentence, raising two assignments of error for our review:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO CONSECUTIVE SENTENCES.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GIVEN A MINIMUM SENTENCE.
In his first assignment of error, appellant contends that the trial court once again erred in sentencing him to consecutive sentences. We agree.
R.C. 2929.14(E) governs the imposition of consecutive sentences and states in relevant part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm cause by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single court of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2) provides that:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
***
 (c) If it imposes consecutive sentences under section 2929.12 of the Revised Code, its reasons for imposing the consecutive sentences.
Thus, R.C. 2929.14(E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences. Moreover, pursuant to R.C. 2929.19(B)(2), the trial court must also give the reasons behind its findings.
Here, in imposing consecutive sentences, the trial court stated:
 In addition, we're going to give you four years consecutive for the guilty verdict in the aggravated robbery, count four of Angela Jelovich. There was no merger. These are not allied offenses of similar import. The goals and the objectives were far different.
 The kidnapping aspect of the aggravated robbery was not a mere procedural step in the aggravated robbery, but it was a separate step. Your sentence is now eight years LCI with credit for time served. ***
This explanation for imposing consecutive sentences clearly does not meet the requirements of R.C. 2929.14(E)(4). Contrary to the state's argument, nowhere in the record does the trial court cite the appropriate language found in the statute *** and then appl[y] that law to the facts of this case.
In State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported, this court found that:
 It is not enough, as the state argues, that the record before the trial court adequately supports the imposition of consecutive sentences. Rather, as is apparent from the statutory language of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), the trial court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations. See State v. Edmonson (1999), 86 Ohio St.3d 324.
Because the trial court failed to comply with the dictates of R.C.2929.14(E)(4) and R.C. 2929.19(B)(2) when sentencing appellant to consecutive sentences, appellant's first assignment of error is sustained.
In his second assignment of error, appellant contends that the trial court erred in not imposing the minimum sentence, as required by R.C. 2929.14(B).
Pursuant to R.C. 2905.01 and R.C. 2911.01, kidnapping and aggravated robbery are felonies of the first degree. R.C. 2929.14(A)(1) sets forth the sentencing guidelines applicable to first degree felonies, allowing prison terms of one to ten years. Subsection B of R.C. 2929.14 provides further:
 *** if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The Ohio Supreme Court has construed the phrase finds on the record to require that:
 *** unless the court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
Edmonson, 86 Ohio St.3d 324, 326.
Here, although appellant had not previously served a prison term, the trial court did not impose the minimum sentence of one year of incarceration. It did not, however, as required by R.C. 2929.14(B), make a finding on the record that a one-year minimum sentence would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime.
In sentencing appellant to four years incarceration on each count, the trial court stated:
 The court feels that a sentence that will accomplish the goals of incarcerating you during that period where no harm can come to outside citizens, will deter you in the future, and will thus have some potential to rehabilitate you in this, since it will give the negative incentive, and an awareness of the realization that this shouldn't happen, will be the sentence of four years ***.
Although this record indicates the trial court's reasons for the four year terms, it does not reflect that the trial court engaged in the analysis required by R.C. 2929.14(B) that would allow the court to deviate from the mandatory minimum sentence of imprisonment for at least one of the two statutorily stated reasons.
Because the record does not support appellant's sentence, appellant's second assignment of error is sustained. Accordingly, we vacate the sentence and remand once again for resentencing.
Sentence is vacated and case is remanded for resentencing consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE:
MICHAEL J. CORRIGAN, J. and JAMES J. SWEENEY, J., CONCUR.